UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br><br>*OIH Renewables S.à r.l*<br>for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | Case No. 24 Misc. 00092 |

## [~~PROPOSED~~] ORDER GRANTING APPLICATION FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782

THIS CAUSE came before the Court upon the Application of OIH Renewables S.à r.l ("Applicant", as plaintiff in the pending and contemplated foreign proceedings against Marco Aurélio Luz Goncalves ("Debtor" before the Appeal Court of the State of Sao Paulo, District of Sao Paolo, Civil Central Jurisdiction, 9th Civil Court (the "Foreign Proceedings", for Judicial Assistance Pursuant to 28 U.S.C. § 1782. The Court, having considered the Section 1782 Application, the Memorandum of Law, the Declaration of Felipe Silva Vieira, and the Declaration of Thomas Vandenabeele and accompanying Exhibits, and otherwise being fully advised in the premises, finds as follows:

    A.    Applicant has met the requirements under 28 U.S.C. § 1782 for granting the requested judicial assistance and relief.

    B.    For purposes of the instant Application, the following financial institutions and corporate entities reside or are found in the Southern District of New York: (i) Citibank, N.A.; (ii) The Bank of New York Mellon; (iii) Société Générale, New York Branch; (iv) HSBC Bank USA, N.A.; (v) BNP Paribas USA; (vi) JPMorgan Chase Bank, N.A.; (vii) Barclays Bank PLC; (viii) Deutsche Bank Trust Co. Americas; (ix) UBS AG; (x) Bank of America, N.A.; (xi) Standard Chartered Bank US; (xii) Commerzbank AG, New York Branch; (xiii) Bank of China, New York Branch; (xiv) Wells Fargo Bank, N.A.; (xv) Safra National Bank of New York; (xvi) Banco do

Brasil S.A.; and (xvii) The Clearing House Payments Company L.L.C. (collectively the "<u>Respondents</u>").

      C.      The discovery sought through this Application is for use in proceedings pending before a foreign tribunal.

      D.      Applicant is an interested person within the meaning of the statute, in its capacity as plaintiff in the Foreign Proceedings.

      E.      The discretionary factors, as described by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.* (542 U.S. 241, 247 (2004)), weigh in favor of granting the requested assistance.

      F.      More particularly: (1) the Respondents are not expected to become parties to the Foreign Proceedings, thus, the need for this discovery is more apparent; (2) there is no indication that the foreign tribunal would not be receptive to U.S. federal-court judicial assistance as requested in the Application; (3) the Application does not conceal an attempt to circumvent foreign proof-gathering restrictions; (4) the Application seeks discovery that is not unduly intrusive or burdensome as the Application requests evidence of the type normally produced by financial institutions or corporate entities as third parties or parties in litigation.

      Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

      1.      The Application is **GRANTED**.

      2.      Any Discovery taken pursuant to this Order will be governed by the Federal Rules of Civil Procedure.

      3.      Applicant's request for leave to conduct discovery including, but not limited to, leave to serve subpoenas in substantially similar form as the form attached to the Application and to take testimony is **GRANTED**.

4. Applicant is appointed as the person with the power to administer any necessary oath and take testimony or a statement.

5. The Respondents are ordered to preserve all relevant and potentially relevant evidence in their possession, custody, or control until such time as Applicant communicates to them that the preservation is no longer necessary or until further order of this Court.

6. Applicant is further authorized to issue and serve additional follow-up subpoenas on the Respondents or third parties as may be necessary to obtain the documentary evidence for use in the Foreign Proceedings.

7. Applicant is not required to serve the Application upon Debtor, the Discovery Targets,[1] and the Respondents.

8. The Respondents are ordered to provide any and all materials responsive to Applicant's subpoenas within 30 days of receipt of the subpoenas.

9. Having provided a sufficient basis for delaying notice to Debtor, Applicant is not required to serve this Order or and subpoenas to the Respondents upon Debtor and the Discovery Targets, until 14 days following the receipt of responsive material to all subpoenas.

10. Nothing in this Order should be construed to prevent or otherwise foreclose Applicant from seeking modification of this Order or leave of Court to serve any additional subpoena on a person or entity.

11. Further, this Order is made without prejudice to the timely filing of a motion to quash the subpoena(s) and, in the event such motion is filed, subject to reconsideration.

The Clerk of Court is directed to terminate Dkt. No. 1 and to close the case.

IT IS ORDERED, this 13th day of March, 2024.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT COURT JUDGE

---

[1] As defined in the Declaration of Felipe Silva Vieira dated February 22, 2024.